UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

*Scott W. Parks and*
*Susan L. Parks,*

Debtors.

BKY 17-32773 WJF

Chapter 13 Case

TRUSTEE'S AMENDED RESPONSE AND OBJECTION TO MOTION FOR
ALLOWANCE OF COMPENSATION BY LAURI ANN SCHMID, COUNSEL FOR
THE DEBTORS

TO:  All parties in interest pursuant to Local Rule 9013-3:

1. Gregory A. Burrell, chapter 13 trustee, by his undersigned attorney, submits this amended response objecting to the application for compensation for debtors' attorney, *See* ECF No. 65.

2. The motion requests allowance of fees and expenses and that $5,754.53 be paid by the trustee. *Id.*

3. On March 4, 2022, the same day the pending fee application was filed, the debtors filed their post-confirmation modified plan, pursuant to which the Applicant estimated attorneys' fees at $3,000.00.[1] *See* ECF No. 64 at part 10.4. Thus, the amount sought in the pending fee application seeks $2,754.53 more than the estimated amount included in the proposed post-confirmation modified plan (nearly double the amount estimated). The post-confirmation modified plan is set for hearing before this Court on April 28, 2022 at 10:30 a.m.

4. A review of the time entries included on Exhibit A to the application show that all of the fees sought were incurred on or before the date that the proposed plan was filed. *See* ECF No. 65 at 3-7. Thus, Applicant knew or should have known that the proposed post-confirmation modified plan did not accurately represent the amount of fees she would be seeking.

5. Additionally, although the proposed plan was filed on March 4, 2022, and

---

[1] This was in addition to previously allowed fees in the amounts of $8,222.54; $2,757.50; and $720.00. *See* ECF 64 parts 10.1-10.4.

is dated February 11, 2022, it back dates the payments required to October 2021. Between October 2021 and March 2022 (the date the proposed plan was filed), the trustee was making distributions to creditors pursuant to the post-confirmation modified plan that was confirmed on March 6, 2020. *See* ECF Nos. 41 and 42. Those disbursements included disbursements to general unsecured creditors and the back dating of the proposed modified plan will now result in underfunding.

6. The trustee objects to the motion to the extent that fees that were incurred up to the date of the proposed modified plan were not disclosed in the proposed modified plan and will result in underfunding. The estimates in a proposed plan need to be as close as possible. In this case the attorney could certainly have run a preliminary billing report to determine what was owed at that time.

7. While the local chapter 13 plan form is an estimated amount, other courts have looked at the res judicata effect on fee applications. *See In re Hallmark,* 225 B.R. 192, 195–196 (Bankr.C.D.Ca.1998)("when attorneys' fees are provided for in the confirmed plan in the amount of $0.00, the attorney is subsequently prevented from seeking compensation in excess of that for which the plan provided because it would be "in violation of the plan"); *In re Black,* 116 B.R. 818, 820 (Bankr.W.D.Okla.1990) (holding that the debtors' attorney was bound by the order confirming debtors' chapter 13 plan and was, therefore, prevented from seeking compensation in excess of that for which the plan provided); *In re Young,* 285 B.R. 168, 174 (Bankr.D.Md.2002)("[T]he confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan."). These cases support, at the least, the argument that when a plan is modified the debtors' attorney should list as best as to her ability the amounts incurred at the time of modification.[2]

8. There needs to be finality to these cases as much as possible. The parties should not have to worry that when a modified plan is filed that it may only include a portion of the fees owed up to that point. It creates confusion and uncertainty for the parties and there is an imbalance in analyzing the reasonableness of the plan as a whole when the true numbers are not on the face of the plan. Here there are also insufficient funds paid in through the plan to cover the attorneys' fees requested, thus the plan is underfunded and general unsecured creditors would no longer receive a distribution if the fees are allowed and paid at the amounts requested.

9. The Trustee does not object to an allowance of fees and expenses in the amount estimated in the proposed modified post-confirmation plan.

---

[2] "In the world of bankruptcy, the plan reigns supreme; its contents provide guidance to the Court, the debtor(s), the trustees, and the creditors concerning the administration of the bankruptcy estate." *In re Jaworksi,* Bky. 13-43296 MER, 2018 WL 6287969, at 4 (Bankr.D.Minn November 30, 2018).

WHEREFORE, the trustee opposes the Motion in part.

Dated: April 12, 2022          Gregory A. Burrell, Chapter 13 Trustee

/e/ *Heather M. Forrest*
Jeffrey M. Bruzek, ID #319260
Heather M. Forrest, ID #398764
Counsel to Chapter 13 Trustee
100 South 5th Street, Suite 480
Minneapolis, MN 55402
(612) 338-7591
Email: hmf@ch13mn.com

## VERIFICATION

I, Heather M. Forrest, being employed by Gregory A. Burrell, Chapter 13 Trustee, declare under penalty of perjury that I have reviewed the foregoing and it is true and correct to the best of my knowledge.

Dated: April 12, 2022          /e/ *Heather M. Forrest*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

*Scott W. Parks and*
*Susan L. Parks,*

Debtors.

BKY 17-32773 WJF

Chapter 13 Case

ORDER

At Minneapolis, Minnesota

The case came before the court on the motion for allowance of compensation by Lauri Ann Schmid, Counsel for the Debtors. Appearances were noted on the record. Upon arguments of counsel and review of the entire record herein,

IT IS SO ORDERED:

1. The objection is sustained; and the motion is denied in part.
2. Applicant is awarded fees and expenses in the total amount of $3,000.

Dated:_____

_____
William J. Fisher
United States Bankruptcy Judge.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

In re:

*Scott W. Parks and*
*Susan L. Parks,*

Debtors.

BKY 17-32773 WJF

Chapter 13 Case

UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Heather M. Forrest, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on April 12, 2022, I served the trustee's objection to motion for allowance of compensation by Lauri Ann Schmid, Counsel for the Debtors, in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individual(s) listed below, in the manner described:

U.S. Mail – First Class Postage Pre-Paid

Scott W. Parks
Susan L. Parks
17359 Homestead Trail
Lakeville, MN 55044

Lauri A Schmid via CM/ECF

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: April 12, 2022 /e/ *Heather M. Forrest*